**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In Re:* **M.S., J.W., and D.S.**

**No. 12-1009** (Nicholas County 12-JA-5, 6 & 7)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Samuel R. White, from the Circuit Court of Nicholas County, which denied her motion for post-termination visitation by order entered on August 1, 2012. The circuit court had terminated Petitioner Mother's parental rights in June of 2012, for abuse and neglect, but she did not appeal this termination. The guardian ad litem for the children, Julia Callaghan, has filed a response on behalf of the children supporting the circuit court's order and also filed a supplemental appendix. The Department of Health and Human Resources ("DHHR"), by its attorney William Bands, also filed a response in support of the circuit court's denial of post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

After terminating petitioner's parental rights in June of 2012, the circuit court left open the possibility of post-termination visitation. After the children were evaluated by Dr. Timothy Saar to determine whether post-termination visitation would be appropriate, the circuit court held a hearing on this matter in June of 2012. After considering Dr. Saar's evaluation and testimony, the circuit court denied Petitioner Mother post-termination visitation with the children, by order entered in August of 2012, but allowed one final visit between them. Petitioner Mother appeals this denial.

On appeal, Petitioner Mother argues that the circuit court erred in denying her post-termination visitation with the children because visitation would not be detrimental to the children's well-being. Petitioner Mother concedes that there was no evidence presented to suggest that a strong emotional bond is present, but argues that post-termination visitation should be granted when it is not detrimental to the children's well-being. She argues that supervised visits would allow the children to maintain a relationship with their biological mother.

In response, the children's guardian ad litem argues that Dr. Saar testified that the children do not share an emotional bond with their mother, but that they share a significant bond with their foster mother. The guardian ad litem argues that it is the children's right, and not that

1

of the parents, to have continued contact. DHHR responds by joining in, and concurring with, the guardian ad litem's response.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

We also bear in mind the following:

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 2, *In re Billy Joe M.,* 206 W.Va. 1, 521 S.E.2d 173 (1999).

Our review of the record supports the circuit court's decision denying Petitioner Mother post-termination visitation with her children. The circuit court considered the history and circumstances of the case, alongside Dr. Saar's evaluation of the children's bond, or lack thereof, with Petitioner Mother. In light of the circuit court's findings of fact and conclusions of law in both its termination order and its order denying post-termination visitation, we find no error.

For the foregoing reasons, we affirm the circuit court's order denying Petitioner Mother post-termination visitation with her children.

Affirmed.

**ISSUED:**  February 11, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II